UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALEB ARMSTRONG (#701443)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ELAYN HUNT, ET AL.** | **NO. 20-00184-BAJ-EWD** |

## RULING AND ORDER

This matter comes before the Court on Plaintiff's *pro se* Amended Complaint (Doc. 10), and Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 11), each filed after entry of final judgment in the above-captioned action. The Court interprets these late-filed documents collectively as a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Motion shall be denied.

Plaintiff filed his original action on March 18, 2020. (Doc. 1). On March 31, 2020, this Court advised Plaintiff that his pleadings were deficient and that he must cure those deficiencies within 21 days or his suit would be subject to dismissal. (Doc. 3). On May 21, 2020, this Court dismissed Plaintiff's action without prejudice for failure to properly cure the deficiencies that were noted. (Docs. 6). On May 21, the Court also issued its Final Judgment dismissing Plaintiff's action. (Doc. 7).

On June 11, 2020, Plaintiff filed the documents comprising the instant Motion.

1

(Docs. 10, 11).[1]

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.  Plaintiff has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).

Further, to the extent that Plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the Motion fares no better.  This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).  The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief. *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).  In the instant motion, Plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6).

Accordingly,

    **IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment

---

[1] Both prior to and after the May 21 Judgment, Plaintiff mailed numerous documents to the Court that were returned for failure to comply with Local Rule 5(d)(1).  Accordingly, these documents are not considered.

(Docs. 10, 11) is hereby **DENIED.**

Baton Rouge, Louisiana, this 5th day of October, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**